**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **KATIFFANY L. ZELLNER,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**VERNIA HENRY, *et al.*,**<br><br>***Defendants.*** | **CIVIL ACTION NO.**<br>**5:26-cv-00320-TES** |

**ORDER OF DISMISSAL**

Pro se Plaintiff Katiffany Zellner commenced this civil action on July 31, 2026, by filing a complaint against Defendants Vernia Henry, Genthia Camey, Tanya Wimbush Toliver, Shannon Dunn, and The Home Depot. [Doc. 1]. Plaintiff also sought to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. In a previous order, the Court granted Plaintiff IFP status and ordered her to recast her complaint. [Doc. 3]. Plaintiff filed her recast complaint on August 21, 2026. [Doc. 4].[1] The Court now reviews Plaintiff's recast complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the Court **DISMISSES** Plaintiff's claims.

[1] Although Plaintiff's original filed complaint was made against Defendants Vernia Henry, Genthia Camey, Tanya Wimbush Toliver, Shannon Dunn, and The Home Depot, the subsequent recast complaint dropped all defendants except The Home Depot. Under Rule 21, the Court may "at any time, on just terms, add or drop a party" or "sever any claim against a party," either on a party's motion or sua sponte. Fed. R. Civ. P. 21. Here, although the case caption remains the same, the Court notes that the Plaintiff may have intended to drop certain parties to the action.

**A. <u>Legal Standard of Review</u>**

As a brief review of the Court's previous order, Plaintiff is proceeding IFP. So, § 1915(e) requires the Court to review her complaint to determine whether it is frivolous, whether it is malicious, or whether it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous" have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints—complaints that lack an arguable basis, either in law or in fact—are subject to sua sponte dismissal by a district court. *Id.* at 324 (providing that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial screening for sua sponte dismissal, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to

relief above the speculative level."). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice. *Id*. So, the plaintiff must support her argument by reference to facts—not merely labels or conclusions. *Id.* Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

**B. <u>Plaintiff's Recast Complaint</u>**

Complaints filed by pro se parties are construed liberally. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Courts hold pro se parties' allegations to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)).

Even when construed liberally, Plaintiff's recast complaint is not sufficient. It fails to pass frivolity review under § 1915(e) because it lacks an arguable basis in law or fact.

Plaintiff brings suit against The Home Depot under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. [Doc. 4, p. 3]. Specifically,

Plaintiff claims that unnamed supervisors and two unnamed human resources department heads at a Home Depot location failed to accommodate her regarding a claimed disability that requires certain medical restrictions: no lifting objects over 25 pounds and no operating heavy equipment including forklifts, pallet jacks, and cherry pickers. [*Id.* at pp. 4, 6]. The method by which Home Depot purportedly failed to accommodate Plaintiff is not alleged and so remains unknown.

Title I of the ADA provides protection against disability-based discrimination by private employers. 42 U.S.C. §§ 12111–12112 ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . terms, conditions, and privileges of employment."). Therefore, "an ADA plaintiff establishes a prima facie case [against her private employer] by showing (1) she has a disability; (2) she is a qualified individual under the ADA; and (3) the employer discriminated against her '*on the basis of the disability*.'" *Akridge v. Alfa Ins. Companies*, 93 F.4th 1181, 1191–92 (11th Cir. 2024) (emphasis added) (quoting *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023)); *see also* 42 U.S.C. § 12112(a); *Jones v. Lockheed Martin Corp.*, 640 F. App'x 848 (11th Cir. 2016) (citing *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004)). A "qualified individual" with a disability is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). An employer discriminates against a qualified individual on the basis of her disability

when the adverse employment action he takes against the employee would not have occurred but for the employee's disability. *Akridge*, 93 F.4th at 1192.

Even construing Plaintiff's complaint liberally, Plaintiff fails to state an ADA claim. First, she fails to properly claim that she was discriminated against on the basis of her claimed disability. The Court provided Plaintiff with several questions to help guide the construction of her complaint. [Doc. 3, pp. 5–6]. These prompts included questions about what, specifically, Home Depot allegedly did wrong, when and where the alleged wrongdoing occurred, and other identifying information to help the Court understand what had occurred for purposes of frivolity review. However, Plaintiff instead relied on bare legal assertions without reference to underlying facts:

> I had previously been accommodated by prior supervisors and HR Heads. But the supervisors in this matter as well as the two HR Heads did not accommodate me. As a result[,] I was unable to continue work[ing] under conditions that were consistent with my medical restrictions and suffered loss of work and other damages.

[Doc. 4, p. 6]. This description—a bare legal conclusion without reference to underlying facts, such as the activities Home Depot allegedly undertook that failed to properly accommodate Plaintiff—does not provide the Court with sufficient information to determine that the complaint is plausible or that The Home Depot is liable for its conduct under the ADA. So, it does not state a claim for purposes of § 1915 frivolity review, even when construed liberally.

Because Plaintiff's recast complaint, construed liberally, fails to state a claim, it lacks an arguable basis in law or fact. Thus, it fails to pass frivolity review under § 1915(e)(2)(B)(ii). Based on the foregoing, the Court dismisses Plaintiff's claims.

So ordered, this 26th day of August, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**